# IN RE MORGAN.

PATENTS; PATENTABILITY.

1. It does not involve invention to free one end of a coiled spring on the inside of a socket for an incandescent lamp, and to make use of a well-known form of lock nut to secure the lamp in its socket.

2. Certain devices are common to the arts as a whole, because they are adapted for use in many situations; so that lock-nut references to an application for a patent for a spiral spring-locking device for an electrical incandescent lamp are not from a noncognate art.

No. 721. Patent Appeals. Submitted January 8, 1912. Decided February 5, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. F. Warren Wright* and *Messrs. Meyers, Cushman, & Rea* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Robert W. Morgan from a decision of the Commissioner of Patents rejecting his application for a patent on a spiral spring-locking device for an electrical incandescent lamp. The 1st and 4th of the ten counts are here reproduced:

"1. The herein described means for fastening against removal an incandescent lamp in its socket, comprising the lamp socket, a protective shell therefor, the lamp and its base, a helical spring having one end free, and covered by the protective shell when the lamp is in position."

"4. In combination with a lamp socket and its protective cov-

ering shell, a lamp adapted to be inserted therein by a threading motion, said lamp having a base, a helical spring secured at one end to the base, but free at the other end, said spring when the lamp is in place, being covered by said protective covering shell."

As pointed out by the Patent Office tribunals, it was old to provide an electric lamp with a coiled spring. The patents to Kurz et al., Knowles, and Arnold, show such springs on the outside of the socket, while in the patents to Russell the spring wire is on the inside of the socket. In the Russell patents, however, the wire is fastened at both ends, and does not act as a locking device. The patents to Mitsch, Donally, and Libby, disclose lock nuts in which accidental displacement of the nut is provided by a spiral spring. Mitsch, in his specification, says his invention "relates to locks for screw threads which will allow without hindrance the screwing of two devices upon each other in one direction, but which when so attached in any position relatively to each other will secure said devices from being turned in the reverse direction." Donally, whose construction most nearly resembles appellant's, describes his invention as relating particularly to locking nuts. We agree with the Patent Office that it involved no invention to free one end of Russell's spring and make use of a well-known form of lock nut. Appellant insists that this is not a case of mere double use, as defined in *C. & A. Potts & Co.* v. *Creager,* 155 U. S. 597, 39 L. ed. 275, 15 Sup. Ct. Rep. 194. He insists that the lock nut references ought not to be considered, because, as he contends, they are from a noncognate art. We cannot agree with him. He found his spring in the incandescent lamp art. He desired to provide that spring with a locking feature, and did provide it with a well-known form of lock nut. It is difficult to conceive where he would have looked to find this lock nut, if not in the art to which it related; in other words, the lock nut which he used was not designed for use in any particular device, but for use generally in any device where such a feature might be desired. As the Examiners in Chief well said: "Certain devices are common

to the arts as a whole, because they are adapted for use in many situations." The limitation in claim 10, that a key must be used, is of no importance, as such a feature is shown in the Libby patent.

The decision of the Commissioner is affirmed. *Affirmed.*